# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Pat Huddleston, II *as receiver for* :
Nations Warranty Group, Inc. and :
JW&P Consulting, LLC, :
:
      Plaintiff, : CIVIL ACTION NO.
: 1:09-cv-03669-JOF
  v. :
:
David Smith and :
Exclusive PC Guru, Inc., :

      Defendants.

## **OPINION & ORDER**

This matter is before the court on Plaintiff's motion for default judgment against Defendant Smith [6] and Plaintiff's motion for default judgment against Defendant Exclusive PC Guru, Inc. [7].

## I.   Background

On December 30, 2009, Plaintiff Pat Huddleston II, in his capacity as Receiver for Nations Warranty Group, Inc. and JW&P Consulting, LLC, filed the instant action against Defendants David Smith and Exclusive PC Guru, Inc. Both Defendants were served on January 5, 2010, but neither have filed an answer. Plaintiff filed a motion for Clerk's Entry of Default pursuant to Rule 55(a). The Clerk of the Court entered default against both

Defendant Smith and Defendant Exclusive PC Guru, Inc. on January 27, 2010. Plaintiff then filed the instant motions for default judgment under Rule 55(b).

In his complaint, Plaintiff alleges that on October 2, 2008, the United States Securities and Exchange Commission filed an enforcement action against several defendants, including Nation's Warranty Group and JW&P Consulting, LLC. The same day, Plaintiff Pat Huddleston II was appointed as Receiver for Nation's Warranty Group and JW&P Consulting, LLC and was authorized to assert claims on behalf of the receivership estate. *See* Cmplt., ¶¶ 1-2. JW&P Consulting fraudulently raised at least $2,800,000 in promissory notes from investors between January and October 2008. *Id.*, ¶ 10. JW&P Consulting never had sufficient revenue to repay the promissory notes and was insolvent from its inception. *Id.*, ¶¶ 11, 14.

Defendant David Smith is Chief Executive Officer of Defendant Exclusive PC Guru, LLC. *Id.*, ¶ 4. On July 1, 2008, JW&P Consulting agreed to loan Defendants $11,000. *Id.*, ¶ 16. According to the terms of the loan, Defendant PC Guru would pay JW&P Consulting interest at a rate of five percent every thirty calendar days, starting August 15, 2008, unless the loan was repaid in full within forty-five days. *Id.*, ¶ 17. "While the loan documents officially note that the loan is given out to Defendant PC Guru, with Defendant Smith's name following in parentheses, in actuality the $11,000 check was made out to Smith." *Id.*, ¶ 19. Neither Smith nor PC Guru has repaid the loan. *Id.*, ¶ 21. As of the date of the

AO 72A
(Rev.8/82)

complaint, the loan had been outstanding for 503 days, "accounting for accumulated interest over sixteen discrete thirty day periods, the defendants now owe JW&P Consulting $24,011." *Id.* ¶ 22.

Plaintiff's complaint contains a count for breach of contract and in the alternative a count for unjust enrichment. Plaintiff spent $134 in service fees to serve Defendant PC Guru and $179 to serve Defendant Smith. *See* Carroll Affidavits.

## II.   Discussion

### A.   Plaintiff's Motions for Default Judgment

The court may grant default judgment on those claims brought by Plaintiff that are legally sufficient and supported by well-pleaded allegations. *McCoy v. Johnson*, 176 F.R.D. 676, 679 (N.D. Ga. 1997) (Forrester, J.). By its default, the defendant "admits the plaintiff's well-pleaded allegations of fact." *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, simply because Defendants Smith and PC Guru are in default does not mean that a default judgment is warranted. *Id.* at 1206. Instead, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id.* "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. . . . a default is not treated as an absolute confession by the [defendant] of [its] liability and of the [plaintiff's] right to recover." *Id.* Thus, the court must determine whether the well-pleaded allegations in the complaint deemed admitted by Defendants Smith and PC Guru

3

are sufficient to establish both liability and the amount of damages such that Plaintiff's motions for default judgment must be granted.

The party claiming a breach of contract has the burden of pleading and proving (1) the subject matter of the contract, (2) consideration, and (3) mutual assent by the parties to all of the contract terms. *See* O.C.G.A. § 13-3-1; *Broughton v. Johnson*, 247 Ga. App. 819, 819 (2001). Once such a contract is shown, the elements of a right to recover for the breach of said contract are (1) the breach and (2) "the resultant damages to the party who has the right to complain about the contract being broken." *Budget Rent-A-Car of Atlanta, Inc. v. Webb*, 220 Ga. App. 278, 279 (1996) (quoting *Graham Bros. Constr. Co. v. C. W. Matthews Contracting Co.*, 159 Ga. App. 546, 550 (1981)). The court finds that the well-pled allegations of the complaint set forth all of the required elements to establish Defendants Smith and PC Guru's liability for breach of contract with respect to the $11,000 loan. Accordingly, the court finds that Plaintiff's claim for breach of contract under the loan is legally sufficient and is supported by well-pleaded allegations.[1]

"[A] judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *see also* Fed. R. Civ. P. 55(b); *Patray v. Northwest Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996). Moreover, although a

---

[1]Because the court grants default judgment as to the breach of contract claim, the court need not consider Plaintiff's alternative unjust enrichment claim.

AO 72A
(Rev.8/82)

party in default admits the well-pleaded allegations of the complaint against it, the claimant "cannot satisfy the certainty amount simply by requesting a specific amount. He must also establish that the amount is reasonable under the circumstances." *Patray*, 931 F. Supp. at 869. Therefore, in order to grant the instant motion for default judgment with respect to the issue of damages, this court must find that the amount of damages is liquidated or can be reduced to a sum certain.

Here, the court finds that damages can be reduced to a sum certain. The well-pleaded allegations set forth the $11,000 loan made by JW&P to Defendants. The complaint also sets forth the interest calculation agreed to in the loan. The court finds that Defendants are jointly and severally liable to JW&P in the amount of $24,011 plus $313 for the costs of service.

### III. Conclusion

The court GRANTS Plaintiff's motion for default judgment against Defendant Smith [6] and GRANTS Plaintiff's motion for default judgment against Defendant Exclusive PC Guru, Inc. [7].

Defendants Smith and PC Guru jointly and severally are DIRECTED to pay Plaintiff the amount of $24,011 plus $313 for service, and interest from the date of judgment as provided by law.

**IT IS SO ORDERED** this 30th day of March 2010.

AO 72A
(Rev.8/82)

                                                                                /s   J. Owen Forrester
                                          J. OWEN FORRESTER
                          SENIOR UNITED STATES DISTRICT JUDGE